USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/24/2023

**Memorandum Endorsement**

*Cunningham et al v. Coastal Medical Group, Inc. et al*

7:22-cv-9009 (NSR)

In light of the Certificate of Default entered on February 7, 2023 as to all Defendants, Defendants are directed to confer with Plaintiffs regarding whether Plaintiffs intend to withdraw the Certificate of Default, or in the alternative will require Defendants to move to vacate the alleged Default. (*See* ECF No. 15.) The Clerk of the Court is kindly directed to terminate the motion at ECF No. 17, which is denied as moot (the motion filed at ECF No. 17 is more accurately styled as a proposed Default Judgment).

Dated: May 24, 2023
       White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
104 S. DIVISION ST LLC, AVRUM CHAIM
LEBRECHT and SHIA LEBRECTH,

                    Plaintiffs,                    Case No. 7:22-cv-09009

        -against-

                                             **ANSWER**

CITY OF PEEKSKILL, THOMAS LEONARD,
and NICHOLAS CECERE,

                    Defendants.
-------------------------------------------------------------------X

        Defendants, City of Peekskill, Thomas Leonard, and Nicholas Cecere by their attorney, Timothy W. Kramer, Corporation Corporation Counsel of the City of Peekskill, hereby answers the Complaint as follows:

        1.        Denies the allegations contained in paragraphs 4 through 9, 24, 28, 29, 37, 38, 40, 42 through 46, 49, 51, 53 through 55, 57, 58, 60, 62, 63, 64, 66, 67 through 70, 74 through 80, 82, 84 through 92, 94 through 101 of the Complaint.

        2.        Admits the allegations contained in paragraphs 3, 16, 17, 19, 21, 22, 23, 26, 34, 35, 36, 47, 49, 50, 59, 71 and 81 of the Complaint.

        3.        Denies knowledge or information sufficient to forma a belief as to those allegations contained in paragraphs 1, 2, 11, 13, 14, 15, 20, 27, 30, 41, and 56 of the Complaint.

        4.        Denies the allegations contained in paragraphs 10, 12, 52, of the Complaint and refers all questions of law to this honorable court.

5. Denies and refers to the documents purportedly quote for the text and content thereof as to paragraphs 48, 61, 72, 73, 83, 93, of the Complaint.

6. Admits the allegations contained in paragraph 18 that Tom Leonard was one of the Department's two building inspectors and owned and operated a home inspection business, JT Homes Inc., but denies that balance of the allegations contained in paragraph 18 of the Complaint.

7. Admits that a building permit was issued for the Property by Roma but denies that it was issued on May 18, 2019 and denies knowledge or information sufficient to form a belief as to the balance of the allegations contained in paragraph 25 of the Complaint.

8 Admits that Roma inspected the Property with the defendant Leonard but denies the balance of the allegations contained in paragraph 31 of the Complaint.

9. Admits that the stop work order was lifted when the scaffolding was erected but denies the date it was lifted as contained in paragraph 32 of the Complaint.

10. Admits that in early January of 2020, Puff came to inspect the plumbing work performed together with the defendant, Leonard, and that on a day in January Roma accompanied Leonard to re-inspect the Property, but denies the balance of the accusations contained in paragraph 33 of the Complaint.

## AS AND FOR THE FIRST CAUSE OF ACTION

11. Repeats and re-alleges the denials and responses set forth in answers to paragraphs 1 through 101 of the Complaint.

12. Denies the allegations contained in paragraphs 103 through 111 of the Complaint.

## AS AND FOR THE SECOND CAUSE OF ACTION

13. Repeats and re-alleges the denials and responses set forth in answers to paragraphs 1 through 111 of the Complaint.

14. Denies the allegations contained in paragraphs 103 through 120 of the Complaint.

## AS AND FOR THE THIRD CAUSE OF ACTION

15. Repeats and re-alleges the denials and responses set forth in answers to paragraphs 1 through 120 of the Complaint.

16. Denies the allegations contained in paragraphs 122 through 129 of the Complaint.

## AS AND FOR THE FOURTH CAUSE OF ACTION

17. Repeats and re-alleges the denials and responses set forth in answers to paragraphs 1 through 129 of the Complaint.

18. Denies the allegations contained in paragraphs 131 through 135 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. At all times relevant to the acts alleged in the Complaint, defendants have acted reasonably, properly and in the lawful exercise of their discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22. Some or all of Plaintiffs' claims are barred, in whole or in part, under the doctrines of estoppel, laches, waiver, release and ratification and/or acquiescence.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23. Any harm which came to Plaintiffs was a direct and proximate result of their own actions.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24. Plaintiffs failed to mitigate their damages, if there are any.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25. The corporate defendant may not assert First Amendment religious claims on their own behalf.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26. Plaintiffs have not shown, and cannot show, similarly situated persons or entities treated better for equal protection purposes.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

27. Defendants have not treated similarly situated persons or entities differently from Plaintiffs.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

28. Defendants are entitled to absolute and/or qualified immunity from the acts alleged.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

29. The actions alleged with the respect to the individual Defendants were undertaken in good faith, based upon a reasonable belief that their actions were taken in accordance with applicable law and did not violate clearly established constitutional rights of which a reasonable person would be aware.

WHEREFORE, Defendants demand judgment against Plaintiffs dismissing the Complaint, together with an award of the costs and disbursements of the action, and granting such other and further relief as the court may deem just and proper.

Dated: May 22, 2023
       Peekskill, New York

Very truly yours,

/s/ *Timothy W. Kramer*

Timothy W. Kramer
Corporation Counsel
City of Peekskill
Attorney for Defendants
840 Main Street
Peekskill, New York 10566
(914) 734-4180